1  JOHN L. BURRIS, Esq./ State Bar #69888
2  BENJAMIN NISENBAUM, Esq./State Bar #222173
   LAW OFFICES OF JOHN L. BURRIS
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone: (510) 839-5200      Facsimile:  (510) 839-3882

5  Attorneys for Plaintiffs

6

7                  UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 DELORES STRINGER, individually and as          Case No.
   personal representative of the Estate of decedent
11 MELVIN HARDNETT; M.H., a minor, by and         **COMPLAINT FOR DAMAGES FOR**
   through her Guardian Ad Litem, Bonita Frazier; **VIOLATION OF CIVIL RIGHTS.**
12 N.H., a minor, by and through her Guardian Ad  **JURY TRIAL DEMANDED**
   Litem, Latonya Gray;  and ME. H., a minor, by
13 and through her Guardian Ad Litem, DELORES
   STRINGER,
14

15        Plaintiffs,

16    vs.

17 CITY OF SAN PABLO, a municipal
   corporation; JOSEPH AITA, in his capacity as
18 Chief of Police for the CITY OF SAN PABLO;
   FRANK PERINO, individually, and in his
19 capacity as a police officer for the CITY OF
   SAN PABLO; MARK GALIOS, individually
20 and in his capacity as a police officer for the
   CITY OF SAN PABLO; and, San Pablo police
21 officers DOES 1-25, inclusive,
22

23        Defendants.

24 _____/

25

26                      JURISDICTION

27        1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction

   is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The
28

unlawful acts and practices alleged herein occurred in the City of Richmond, California, which is within this judicial district.

## PARTIES

2.    Plaintiff herein, DELORES STRINGER ("STRINGER"), is and was at all times herein mentioned the mother of decedent MELVIN HARDNETT and is the personal representative of the Estate of decedent MELVIN HARDNETT. Plaintiff STRINGER is a citizen of the United States residing in the City of Richmond in California.

3.    Minor Plaintiff herein, M.H.., is and was at all times herein mentioned the daughter of decedent MELVIN HARDNETT. She is represented in this action by her mother and Guardian ad Litem BONITA FRAZIER. She is a citizen of the United States residing in the City of Richmond in California.

4.    Minor Plaintiff herein, N.H., is and was at all times herein mentioned the daughter of decedent MELVIN HARDNETT. She is represented in this action by her mother and Guardian ad Litem Latonya Gray. She is a citizen of the United States residing in the City of Richmond in California.

5.    Minor Plaintiff herein, Me. H., is and was at all times herein mentioned the daughter of decedent MELVIN HARDNETT. She is represented in this action by her grandmother and Guardian ad Litem DELORES STRINGER. She is a citizen of the United States residing in the City of Richmond in California.

6.    Defendant CITY OF SAN PABLO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Pablo Police Department.

7.    At all times mentioned herein, Defendant JOSEPH AITA ("AITA") was employed by defendant CITY as Chief of Police for the CITY. He is being sued in his official capacity as Chief of Police for the CITY.

8.     At all times mentioned herein, Defendant FRANK PERINO ("PERINO") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

9.     At all times mentioned herein, Defendant MARK GALIOS ("GALIOS") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

10.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

11.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

12.     Plaintiffs will amend their Complaint to include State causes of action related to their Federal claims within the relevant statutory tort claims filing time constraints.

## STATEMENT OF FACTS

13.     On May 29, 2006, San Pablo Police Department Officer MARK GALIOS was on patrol in the City of San Pablo at the border of the City of Richmond. Defendant Officer GALIOS was dressed in full police uniform and drove a fully marked City of San Pablo police vehicle. Defendant Officer GALIOS observed a green Camaro parked across the street (and across the City of San Pablo's border with the neighboring City of Richmond) from Officer Galios' location in the City of San Pablo. Defendant Officer GALIOS was unfamiliar with the green Camaro, which was allegedly parked illegally on a sidewalk. Defendant Officer GALIOS saw decedent, MELVIN HARDNETT, exit a house and place an item in the Camaro. Although the alleged activity Defendant Officer GALIOS later claimed to observe occurred in the City of Richmond, outside the jurisdiction

1 | of the CITY OF SAN PABLO, Defendant Officer GALIOS decided to initiate a traffic violation stop
2 | of the Green Camaro. Plaintiffs allege that any traffic violation Officer Galios may have observed
3 | concerning the green Camaro occurred in the City of Richmond.

4 |     14.    Defendant Officer GALIOS allegedly observed the green Camaro "fishtail", and
5 | Defendant Officer GALIOS activated his siren lights. The green Camaro pulled to the curb, and
6 | someone attempted to exit from the passenger door of the Camaro. Officer Galios, who was likely
7 | located in the City of Richmond at this point, ordered the driver of the Camaro to turn the car off.
8 | Instead, the driver drove away. Officer Galios pursued the green Camaro through Richmond down
9 | 4th Street. At some point, San Pablo Police Department Officer FRANK PERINO joined the pursuit.

10 |     15.    The driver of the Green Camaro and a passenger exited the car and fled on foot in
11 | opposite directions. Defendant Officer GALIOS pursued the driver, decedent MELVIN
12 | HARDNETT, while Defendant Officer PERRINO allegedly pursued the other suspect. Eventually,
13 | Defendant Officer Defendant Officer PERINO rejoined Defendant Officer GALIOS and both officers
14 | physically engaged themselves with decedent MELVIN HARDNETT, who they claimed assaulted
15 | and battered them while resisting arrest. There is no evidence that decedent was armed with any
16 | weapon. The police contact with decedent MELVIN HARDNETT drew a group of citizens who
17 | observed the ensuing events.

18 |     16.    One of the Defendant Officers held decedent on the ground using his strength and
19 | body weight, while the other Defendant Officer struck decedent several times with a closed fist to the
20 | ribs. The Defendant Officers later contended that decedent continued to violently resist and that
21 | these blows to decedent were "distraction strikes". However, several on-lookers observed the blows
22 | to decedent as they occurred. These witnesses saw one Defendant Officer standing over decedent
23 | and striking him, while the other Defendant Officer held decedent down. Several observers verbally
24 | objected to the Defendant Officers' apparent abuse of decedent, who at this point appeared to be
25 | detained and controlled by the officers, rendering the "distraction strikes" an unnecessary and
26 | unreasonable use of force.

27 |     17.    At a later point, one of the Defendant Officers, believed to be Defendant Officer
28 | PERINO, kicked decedent while decedent was on the ground. Defendant Officer PERINO

unholstered his firearm and pointed it alternately between decedent and the crowd of observers. Defendant Officer PERINO ordered people in the crowd of observers, who he reportedly called "motherfuckers," to stand back. Most observers complied, while at the same time urging Defendant Officer PERINO not to shoot decedent.

18.    Defendant Officer GALIOS stood away from decedent. Defendant Officer PERINO then fired one shot from close range. The shot struck decedent in the chest and killed him.

19.    Defendant Officer GALIOS later contended at a subsequent Contra-Costa County coroner's inquest that decedent, although unarmed, actually grabbed his firearm and was shot by Defendant Officer PERINO only after decedent allegedly lunged for Defendant Officer GALIOS' firearm again. Numerous witnesses dispute Defendant Officer GALIOS' account of decedent attempting to gain control of his firearm.

20.    Plaintiffs allege that Mr. HARDNETT's death was the result of excessive force used against him by defendant officers.

21.    Plaintiffs further allege that Mr. HARDNETT's death was the proximate result of Defendant CITY's failure to reasonably train their police officers in the proper and reasonable use of force and the making of arrests, particularly those outside of the jurisdiction of the CITY OF SAN PABLO. Plaintiffs further allege that these substantial failures reflect Defendant CITY's policies implicitly ratifying and/or authorizing the use of excessive force by its police officers and the failure to reasonably train police officers employed by Defendant CITY in the use of force and making of arrests.

22.    The killing of decedent MELVIN HARDNETT described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

23.    Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Mr. HARDNETT's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and

moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses.

24.     As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Mr. HARDNETT's financial support.

25.     The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs, as decedent's successors in interest, are therefore entitled to an award of punitive damages against said individual defendants.

26.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law.  Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
### (Wrongful Death 42 U.S.C. Section 1983)

27.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28.     Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. section 1983)

29.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 28 of this Complaint.

30.    Defendants, acting under color of state law, and without due process of law deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. section 1983)

31.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32.    Plaintiffs are informed and believe and thereon allege that high ranking CITY OF SAN PABLO officials, including high ranking police supervisors such as Defendant AITA, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers PERINO, GALIOS and DOES 1-10, and/or each of them.

33.    Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants AITA, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

34.    Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants

PERINO, GALIOS and DOES 1-10, and/or each of them, Defendant AITA, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

35.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF SAN PABLO officials, including high ranking CITY OF SAN PABLO Police Department supervisors, Defendants AITA, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

36.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION
(Survival action:  Violation of decedent's civil rights
42 U.S.C. section 1983)
(Plaintiff STRINGER as personal representative of decedent)

37.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38.     The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

39.     Defendants acted under color of law in shooting and killing decedent without lawful justification and subjecting decedent to excessive force, thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

40.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### Wrongful Death- Negligence
(Plaintiffs M. H. by and through their Guardian ad Litem, BONITA FRAZIER; Plaintiff N. H., by and through her Guardian Ad Litem, LATONYA GRAY; Plaintiff Me. H., by and through her Guardian ad Litem DELORES STRINGER)

41.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42.     Defendants CITY, by and through its agents and employees,  Defendant Officers PERINO, GALIOS, and DOES 1-10,  negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent MELVIN HARDNETT, said plaintiffs' father, on May 29, 2006.

43.     As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

44.     As a further actual and proximate result of said defendants' negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

45.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against defendants GALIOS, PERINO, and DOES 1-10)

46. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 45 of this complaint.

47. Plaintiffs are informed and believe and thereon allege that the conduct of defendants GALIOS, PERINO, and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiffs' decedent. Plaintiffs' decedent is and was readily recognizable as African-American. In engaging in such conduct, defendants violated plaintiffs' decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

48. Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7 for punitive damages and for reasonable attorney's fees.

49.     As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants KEESOR, ALVIS, MORGADO, and DOES 1-10)

50. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

51. The conduct of Defendants GALIOS, PERINO, and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California

Civil Code Section 52.1, in that through the wrongful assault and battery and killing of plaintiffs' decedent they interfered with plaintiffs' decedent's exercise and enjoyment of his civil rights.

52. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

53. Since this conduct occurred in the course and scope of employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

54. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Assault and Battery)
(Against defendants GALIOS, PERINO, and DOES 1-10)

55. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 54 of this Complaint.

56. Defendants GALIOS, PERINO, and DOES 1-10, inclusive, placed plaintiffs' decedent in immediate fear of death  and severe bodily harm by beating him and then shooting him without any just provocation or cause.

57. These defendants' conduct was neither privileged nor justified under statute or common law.

## NINTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendant CITY, AITA, and DOES 11-25)

58.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.     At all times mentioned herein, defendant CITY, by and through its agents and employees; AITA; and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, AITA, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injury and damages to decedent and plaintiffs. CITY, AITA, and DOES 11-25, inclusive, failed to adequately train CITY employees and police officers, including Defendant Officers GALIOS, PERINO, and DOES 1-10, inclusive, in the proper and reasonable use of force and making of arrests, and/or failed to have adequate policies and procedures regarding the use of force and making of arrests. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing deliberately indifferent failure to the use of excessive force and unreasonable making of arrests by police officers employed by the CITY.

60.     As a proximate result of defendants CITY, AITA, and DOES 11-25, inclusive's negligent conduct, decedent and plaintiffs suffered damages including severe emotional and mental distress and injury having a traumatic effect on decedent's and plaintiffs' emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.


## JURY DEMAND

61      Plaintiffs hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.      For general damages in a sum of $10,000,000.00;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.    For injunctive relief enjoining Defendant CITY OF SAN PABLO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons and/or the making of arrests without probable cause, pursuant to California Civil Code Section 52.1;

6.    For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

7.    For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

8.    For cost of suit herein incurred; and

9.    For such other and further relief as the Court deems just and proper.

Dated: July 9, 2007

Law Offices of John L. Burris

John L. Burris
Attorney for Plaintiff