JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF SAN PABLO, JOSEPH AITA, FRANK PERINO,
MARK GALIOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES STRINGER, individually and as personal representative of the Estate of decedent MELVIN HARDNETT; M.H., a minor, by and through her Guardian Ad Litem, Bonita Frazier; N.H., a minor, by and through her Guardian Ad Litem, Latonya Gray; and ME.H., a minor, by and through her Guardian Ad Litem, DELORES STRINGER, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SAN PABLO, a municipal corporation; JOSEPH AITA, in his capacity as Chief of Police for the CITY OF SAN PABLO; FRANK PERINO, individually, and in his capacity as a police officer for the CITY OF SAN PABLO; MARK GALIOS, individually and in his capacity as a police officer for the CITY OF SAN PABLO; and, San Pablo police officers DOES 1-25, inclusive, <br><br> Defendants. | Case No. C07-3544MEJ <br><br> **ANSWER TO COMPLAINT** |

This response is being submitted by Defendants City of San Pablo, Chief Joseph Aita, and San Pablo Police Officers Frank Perino and Mark Galios, hereinafter these answering Defendants.

### JURISDICTION

1.  These answering Defendants neither admit nor deny the allegations as they are

ANSWER TO COMPLAINT

legal matters not proper for admission or denial.

PARTIES

2. In answering paragraphs 2 through 12, these answering Defendants respond as follows. At all times herein mentioned Joseph Aita was the Police Chief for the City of San Pablo and Frank Perino and Mark Galios were employed by the City of San Pablo as police officers. At all times mentioned in the complaint, Chief Aita and Officers Perino and Galios were acting in the course and scope of their employment and under color of law. These answering Defendants deny the remaining allegations in paragraphs 2 through 12.

STATEMENT OF FACTS

3. In answering paragraphs 13 through 22, these answering Defendants respond as follows.

On Monday, May 29, 2006, Officer Mark Galios was report writing in the parking lot of Richmond High School and also keeping an eye on the 2200 block of Wilcox Avenue in San Pablo. Galios, is assigned to patrol and was working his assigned area. The 2200 block of Wilcox Avenue was the scene of a murder on March 1, 2006 and has a history of prostitution and drug sales. Approximately 5:00 p.m., Galios stopped a vehicle leaving the block after he observed the two male occupants acting suspiciously, then driving recklessly and committing several additional vehicle code violations. The car initially yielded, but then sped off, reaching speeds of 60 mph down to 20 mph, as the vehicle fled into the City of Richmond. Officer Galios, joined by Officer Frank Perino, pursued the car "Code 3", using lights and sirens, as the driver ran red lights and stop signs, endangering the public.

In the area of Maine and 5th Street, the suspect's car slowed considerably and began a deliberate series of curb to curb maneuvers, with the car doors open, as it moved slowly from street to street in the neighborhood. In the 500 block of Maine, the car crashed into a parked vehicle, and the males fled the car on foot into backyards, with Officer Galios and Officer Perino, in pursuit of the driver. The chase went over numerous fences and ended in the 200 block of S. 4th Street, where one of the officers caught up to the suspect, Plaintiffs' decedent Melvin Deshawn Hardnett, of Richmond. A violent struggle began as Perino, and then Galios attempted

ANSWER TO COMPLAINT                              2

to take Hardnett into custody. The two officers were unable to control Hardnett. A group of young men swarmed around the officers, at least one demanding Hardnett kill both officers. The crowd was hostile and aggressive, with some individuals with their fists up and another acting as if he was armed with a firearm. While the struggle continued, Officer Perino was trying to keep the crowd from attacking them. One of the suspects in the crowd tried to help Hardnett escape, and a rock was thrown by another suspect which struck Officer Perino.

On three separate occasions during the assault, Hardnett nearly succeeded in removing Galios' duty weapon from his holster. With assistance from a suspect in the crowd, Hardnett eventually broke free of Galios' grasp, and, instead of fleeing, chose to continue the assault, and again grabbed Galios' firearm and tried to remove it. Officer Perino saw that Hardnett was removing Galios' firearm as an exhausted Galios yelled that the suspect was getting his gun. At this point, Officer Perino fired one shot, which struck Hardnett in the chest, to prevent him from taking control of the firearm and shooting Galios and himself. Hardnett died from the gunshot wound.

These answering Defendants deny the remaining allegations in paragraphs 13 through 27.

## DAMAGES

4. These answering Defendants deny the allegations in paragraphs 23 through 26.

## FIRST CAUSE OF ACTION

5. These answering Defendants incorporate by reference their responses to paragraphs 1 through 26 of Plaintiffs' complaint.

6. These answering Defendants deny the allegations in paragraph 28.

## SECOND CAUSE OF ACTION

7. These answering Defendants incorporate by reference their responses to paragraphs 1 through 28 of Plaintiffs' complaint.

8. These answering Defendants deny the allegations in paragraph 30.

## THIRD CAUSE OF ACTION

9. These answering Defendants incorporate by reference their responses to paragraphs 1 through 30 of Plaintiffs' complaint.

10. These answering Defendants deny the allegations in paragraphs 32 through 36.

## FOURTH CAUSE OF ACTION

11. These answering Defendants incorporate by reference their responses to paragraphs 1 through 36 of Plaintiffs' complaint.

12. These answering Defendants deny the allegations in paragraphs 38 through 40.

## FIFTH CAUSE OF ACTION

13. These answering Defendants incorporate by reference their responses to paragraphs 1 through 40 of Plaintiffs' complaint.

14. These answering Defendants deny the allegations in paragraphs 42 through 45.

## SIXTH CAUSE OF ACTION

15. These answering Defendants incorporate by reference their responses to paragraphs 1 through 45 of Plaintiffs' complaint.

16. These answering Defendants deny the allegations in paragraphs 47 through 49.

## SEVENTH CAUSE OF ACTION

17. None of the named Defendants in this case are Defendants Keesor, Alvis, Morgado, and Does 1 through 10 so they are unable to respond to the allegations in paragraphs 50 through 54 of Plaintiffs' complaint.

18. To the extent that Plaintiffs' intend to name these answering Defendants in paragraphs 50 through 54 of Plaintiffs' complaint, these answering Defendants incorporate their responses to paragraphs 1 through 49 of Plaintiffs' complaint and deny the allegations in paragraphs 51 through 54.

## EIGHTH CAUSE OF ACTION

19. These answering Defendants incorporate by reference their responses to paragraphs 1 through 54 of Plaintiffs' complaint.

20. These answering Defendants deny the allegations in paragraph 56 and 57.

## NINTH CAUSE OF ACTION

21. These answering Defendants incorporate by reference their responses to paragraphs 1 through 57 of Plaintiffs' complaint.

ANSWER TO COMPLAINT                4

22. These answering Defendants deny the allegations in paragraphs 59 and 60.

JURY DEMAND

23. Defendants hereby demand a jury trial in this action.

AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a claim against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiffs' Complaint herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiffs' decedent failed to mitigate the amount of his damages. The damages claimed by Plaintiffs could have been mitigated by the due diligence of Plaintiffs' decedent or by one acting under similar circumstances. The Plaintiffs' decedent's failure to mitigate is a bar to Plaintiffs' recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' decedent's own negligence in and about the matters alleged in Plaintiffs' Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs' decedent bars recovery to Plaintiffs or, in the alternative, that said Plaintiffs' decedent's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs' decedent requires that any damages awarded to Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to Plaintiffs' decedent.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state a cause of action in that each of

the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants alleges that Plaintiffs' decedent's unclean hands preclude any recovery by Plaintiffs.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants alleges that the Plaintiffs' decedent by virtue of his own conduct and omissions enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs' decedent as a result of the acts or omissions complained of herein.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officers' reasonable suspicion to believe that the Plaintiffs' decedent had committed a crime in the officers' presence and the officers used reasonable force to detain, effect the arrest, prevent the escape or overcome the

resistance of said Plaintiffs' decedent; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendant peace officers were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiffs.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendant peace officers were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the peace officers are therefore immune under the "good faith immunity" doctrine.

15. AS AND FOR A FIFTEENTH, AND SEPARATE AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendant peace officers.

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' decedent was himself belligerent, and was striking, hitting, threatening, and attempting to disarm the Defendant peace officers and the Defendant peace officers acted in self-defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That plaintiffs take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

ANSWER TO COMPLAINT                    7

1  Dated: July 31, 2007          McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                 PFALZER, BORGES & BROTHERS LLP
2

3                                By: _____
4                                    James V. Fitzgerald, III
                                     Noah G. Blechman
5                                    Attorneys for Defendants
                                     CITY OF SAN PABLO, JOSEPH AITA, FRANK
6                                    PERINO, MARK GALIOS

ANSWER TO COMPLAINT                          8