JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200   Facsimile: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES STRINGER, individually and as personal representative of the Estate of decedent MELVIN HARDNETT; M.H., a minor, by and through her guardian ad litem, Bonita Frazier; N.H., a minor, by and through her Guardian Ad Litem, Latonya Gray; and ME. H., a minor, by and through her guardian ad litem, DOLORES STRINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN PABLO, a municipal corporation; JOSEPH AITA, in his capacity as Chief of Police for the CITY OF SAN PABLO; FRANK PERINO, individually, and in his capacity as a police officer for the CITY OF SAN PABLO; MARK GALIOS, individually and in his capacity as a police officer for the CITY OF SAN PABLO; and, San Pablo police officers DOES 1-25, inclusive,<br><br>Defendants.<br>_____ / | Case No. C 07 3544 MEJ<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Time: 10:00 a.m.<br>Date: October 18, 2007<br>Location: Ctrm B, 15th Floor |

1. <u>Jurisdiction and Service</u>: This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The acts and practices alleged herein occurred beginning in the City of San

Pablo, culminating in the shooting of decedent in the City of Richmond, California, which is within this judicial district. All defendants have been served and have answered.

2. Facts:

Plaintiff's contentions:

On May 29, 2006, San Pablo Police Department Officer MARK GALIOS initiated a police pursuit of a green Camaro, which was allegedly illegally parked in the City of Richmond, across the street from Officer GALIOS' location, across the city border in the City of San Pablo. The pursuit began and ended in the City of Richmond, when Decedent stopped his vehicle around the 200 block of South 4th Street in Richmond. At some point in the pursuit, Defendant Office PERRINO joined GALIOS in pursuing Decedent through the City of Richmond.

Decedent MELVIN HARDNETT, who drove the Green Camaro, and a passenger in the Camaro exited the car and fled on foot in opposite directions. Defendant Officer GALIOS pursued decedent MELVIN HARDNETT, while Defendant Officer PERRINO allegedly pursued the other suspect. Eventually, one of the Defendant Officers physically engaged with decedent MELVIN HARDNETT, and the second Defendant Officer arrived and also physically engaged with Decedent. The officers later claimed decedent assaulted and battered them while resisting arrest. There is no evidence that decedent was armed with any weapon. The police contact with decedent MELVIN HARDNETT drew a group of citizens who observed the ensuing events.

One of the Defendant Officers held decedent on the ground using his strength and body weight, while the other Defendant Officer struck decedent several times with a closed fist to the ribs. The Defendant Officers later contended that decedent continued to violently resist and that these blows to decedent were "distraction strikes". However, several on-lookers observed the blows to decedent as they occurred. These witnesses saw one Defendant Officer standing over decedent and striking him, while the other Defendant Officer held decedent down. Several observers verbally objected to the Defendant Officers' apparent abuse of decedent, who at this point appeared to be detained and controlled by the officers. At some point, the officers tore Decedent's shirt from his torso.

One of the Defendant Officers, believed to be Defendant Officer PERINO, kicked decedent while decedent was on the ground. Defendant Officer PERINO unholstered his firearm and pointed it alternately between decedent and the crowd of observers. Defendant Officer PERINO ordered people in the crowd of observers, who he reportedly called "motherfuckers," to stand back. Most observers complied, while at the same time urging Defendant Officer PERINO not to shoot decedent.

Defendant Officer GALIOS stood away from decedent and told PERINO to "shoot him, shoot him!" Defendant Officer PERINO then fired one shot from close range. The shot struck decedent in the chest and killed him.

Defendant Officer GALIOS later contended at a subsequent Contra-Costa County coroner's inquest that decedent, although unarmed, actually grabbed his firearm and was shot by Defendant Officer PERINO only after decedent allegedly lunged for Defendant Officer GALIOS' firearm again.

Plaintiffs' counsel is aware of at least 13 witnesses who observed the shooting of decedent. None saw Decedent ever attempt to take either officer's weapon. Each observed that Decedent had given up his struggle when he was shot by Defendant Officer PERINO, at GALIOS' urging. No witness observed Decedent lunge or make any sudden movement before he was shot.

Defendants' Contentions:

On Monday, May 29, 2006, Officer Mark Galios was report writing in the parking lot of Richmond High School and also keeping an eye on the 2200 block of Wilcox Avenue in San Pablo. Galios, 23, has been with the San Pablo Police Department since December 2003, is assigned to patrol and was working his assigned area. The 2200 block of Wilcox Avenue was the scene of a murder on March 1, 2006 and has a history of prostitution and drug sales. Approximately 5:00 p.m., he stopped a vehicle leaving the block after he observed the two male occupants acting suspiciously, then driving recklessly and committing several additional vehicle code violations. The car initially yielded, but then sped off, reaching speeds of 60 mph down to 20 mph, as the vehicle fled into the City of Richmond. Officer Galios, joined by Officer Frank Perino, 23, pursued the car "Code 3", using lights and sirens, as the driver ran red lights and stop signs, endangering the public.

In the area of Maine and 5th Street, the suspect's car slowed considerably and began a deliberate series of curb to curb maneuvers, with the car doors open, as it moved slowly from street to

street in the neighborhood. In the 500 block of Maine, the car crashed into a parked vehicle, and the males fled the car on foot into backyards, with Officer Galios and Officer Perino, in pursuit of the driver. The chase went over numerous fences and ended in the 200 block of S. 4th Street, where one of the officers caught up to the suspect, Melvin Deshawn Hardnett, 35, of Richmond. A violent struggle began as Perino, and then Galios attempted to take Hardnett into custody. The two officers were unable to control him. A group of young men swarmed around the officers, at least one demanding Hardnett kill both officers. The crowd was hostile and aggressive, with some individuals with their fists up and another acting as if he was armed with a firearm. While the struggle continued, Officer Perino was trying to keep the crowd from attacking them. One of the suspects in the crowd tried to help Hardnett escape, and a rock was thrown by another suspect which struck Perino, according to a witness.

On three separate occasions during the assault, Hardnett nearly succeeded in removing Galios' duty weapon from his holster. With assistance from a suspect in the crowd, Hardnett eventually broke free of Galios' grasp, and instead of fleeing, chose to continue the assault, and again grabbed Galios' firearm and tried to remove it. Perino saw that Hardnett was removing Galios' firearm as an exhausted Galios yelled that the suspect was getting his gun. At this point, Officer Perino fired one shot, which struck Hardnett in the chest, to prevent him from taking control of the firearm and shooting Galios and himself. During the assault, several citizens had called 911 to summon additional help but the officers had been alone until after the shooting.

Medical assistance was immediately summoned, however the suspect was declared dead at the scene. Several witnesses have spoken to investigators and confirmed the sequence of events and the attempt by Hardnett to take the officers firearm. Both officers were treated and released from a local hospital for minor injuries and are currently on recuperation leave that is normal in such incidents.

Melvin Deshawn Hardnett had a criminal history spanning 20 years, including several prior prison terms, most recently in 2003. HE had two felony strikes on his criminal records. Hardnett has previously been arrested for firearms possession and use, robbery, burglary, auto theft, evading,

resisting arrest, possession of cocaine, hit and run, conspiracy, assault with a deadly weapon, theft and DUI.

An autopsy revealed that the suspect succumbed to a single gunshot wound and a presumptive toxicology screen of the suspect's body fluids tested positive for the presence of cocaine.

3. <u>Legal Issues</u>: Plaintiff's Contentions. Plaintiffs' causes of action include violation of 42 U.S.C. section 1983 against Defendant Officers for excessive force and wrongful death, and against Chief AITA and Defendant CITY for *Monell* violations. Plaintiffs also allege ancillary state law causes of action, including assault and battery, intentional infliction of emotional distress, violation of civil code sections 51.7 and 52.1, and negligence. The reasonableness of the use of lethal force at the time it was used are contested legal issues in this case, as well as damages incurred by Plaintiffs.

4. <u>Motions</u>: Defendants will evaluate bringing motions for summary judgment/adjudication and qualified immunity.

5. <u>Amendment of Pleadings</u>: None anticipated.

6. <u>Evidence Preservation</u>: The Parties have preserved evidence known to them.

7. <u>Disclosures</u>: The parties shall make their initial disclosures by the date of the Initial Joint Case Management Conference.

8. <u>Discovery</u>: The parties anticipate conducting discovery pursuant to the Federal and Local Rules, including 25 each per party of Special Interrogatories, Requests for Production of Documents, and Requests for Admissions, with up to 20 Depositions per side, given the number of witnesses to the shooting. Plaintiffs will seek the production of Defendant Officers PERINO's and GALIOS' personnel records pursuant to a stipulated protective order or by motion.

9. <u>Class Actions</u>: This is not a class-action matter.

10. <u>Related cases:</u>  None anticipated.

11. <u>Relief</u>: Plaintiff seeks damages including General Damages in a sum according to proof, including emotional distress damages, damages for wrongful death, violation of Civil Code sections 51.7 ($25,000.00 per count) and 52.1 ($4,000.00 per count) as a penalty in addition to actual damages, punitive damages according to proof, costs and attorneys fees according to proof. Plaintiff also seeks injunctive relief pursuant to Civil Code section 52.1, enjoining Defendants from using or authorizing the use of excessive lethal force.

12. <u>Settlement and ADR</u>: The parties request a settlement conference before a Magistrate Jjudge. Failing that, the plaintiff prefers mediation. The parties expect they will be in a position to discuss settlement after the depositions of the parties and witnesses have been conducted.

13. <u>Consent to Magistrate Judge for all purposes</u>: Plaintiff would consent to a magistrate judge for all purposes, including trial. Defendants do not consent to a Magistrate Judge.

14. <u>Other reference</u>: Not applicable.

15. <u>Narrowing of Issues</u>: None at this time.

16. <u>Expedited Schedule</u>: Not at this time.

17. <u>Scheduling</u>: Plaintiffs request a trial date in April 2009. Defendants believe the case should be prepared for trial in October or November 2008.

18. <u>Trial</u>: The parties have demanded a jury trial, expected to last between 12 to 15 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: Plaintiffs will file his separate disclosure prior to the Joint Case Management Conference. Pursuant to Civil L.R. 3-16, there is no such interest to report. Defendants also have no such interest to report.

20. <u>Other matters</u>: None at this point.

1 | Dated: October 11, 2007

**The Law Offices of John L. Burris**

/S/ Benjamin Nisenbaum

Ben Nisenbaum
Attorney for Plaintiff

Dated: October 11, 2007

*[signature]*

JAMES V. FITZGERALD, III
Attorneys for Defendants