JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF SAN PABLO; JOSEPH AITA;FRANK PERINO;MARK GALIOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES STRINGER, individually and as personal representative of the Estate of decedent MELVIN HARDNETT; M.H., a minor, by and through her Guardian Ad Litem, Bonita Frazier; N.H., a minor, by and through her Guardian Ad Litem, Latonya Gray; and ME.H., a minor, by and through her Guardian Ad Litem, DELORES STRINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN PABLO, a municipal corporation; JOSEPH AITA, in his capacity as Chief of Police for the CITY OF SAN PABLO; FRANK PERINO, individually, and in his capacity as a police officer for the CITY OF SAN PABLO; MARK GALIOS, individually and in his capacity as a police officer for the CITY OF SAN PABLO; and, San Pablo police officers DOES 1-25, inclusive,<br><br>Defendants. | Case No. C07-3544 MEJ<br><br>**STIPULATION AND [PROPOSED] ORDER CONTINUING CASE MANAGEMENT ORDER DEADLINES WITH SUBPOENAED WITNESS DEPOSITION PROTOCOL**<br><br>Trial Date:    June 8, 2009<br><br>Judge:           Hon. Maria-Elena James |

IT IS HEREBY STIPULATED between the parties as follows:

1. In discovery, various witnesses, totaling 17 to date, have been identified by Plaintiffs as having specific knowledge regarding the facts and circumstances of the shooting incident and death of Decedent directly at issue in this matter.

2. Defendants personally served 12 of the 17 witnesses identified by Plaintiffs with deposition subpoenas in June of 2008 for depositions to occur in July of 2008.

3. Of the 12 witnesses identified by Plaintiffs, and served with the subpoenas, only 1 witness appeared for deposition and one deposition was taken off calendar. As for the other 10 witnesses, none of them contacted Defendants' counsel or Plaintiffs' counsel regarding any scheduling conflicts or other issues preventing them from appearing for the deposition. Thereafter, the parties made a record of the failure of these witnesses to appear for their deposition. These 10 witnesses include Darlene Banks, Johnny Grinner, Jr., Lena McClinton, Deontae Pride, Ray Robinson, Anna Ross, Fernando Tamaya, Louis Tamaya, Eduardo Vasquez and Martha Brooks. Ms. Josephine Fowler's deposition was taken off calendar due to her ill health. Since his date of deposition, Mr. Robinson has been in touch with Plaintiffs' counsel and has specifically requested that his deposition be rescheduled to a location close to his work site in Oakland.

4. There may also be additional witnesses who the parties attempt to subpoena who should be considered via this same protocol proposed below in case they fail to appear for deposition.

5. Now, the parties have a problem in trying to complete fact discovery by the current set deadline of September 12th due to this unforeseen circumstance and the large number of witnesses who have failed to abide by properly served deposition subpoenas. Obviously, the majority of fact discovery has not been able to be completed due to this mass failure of these witnesses to appear for deposition.

6. Counsel on both sides of this matter have met and conferred extensively, personally on several occasions, as well as via numerous telephone conversations, to come up with a plan on how the parties and the Court can perhaps deal with this major discovery set back, without impacting the current trial date of June 8, 2009.

7. The parties' plan consists of essentially having the Plaintiffs re-serve these witnesses for depositions at locations closer to the witnesses respective homes which would perhaps make it easier and more likely that the witnesses appear for deposition.

8. Should those witnesses fail to appear for deposition once again, the parties will be seeking to

inform the Court via letter about such failure to appear and will be requesting sanctions per the Court's discretion, to include, but not be limited to, the issuance of monetary sanctions against the witness, exclusion of the witness from testifying at trial, issuance of a bench warrant by the Court to command the witness' appearance for deposition, or any other such order as the Court deems just and proper, a protocol of which is requested below.

9. Obviously, due to the fact discovery set back stated above, this will also impact the parties expert disclosures and expert discovery.

10. Due to this significant discovery set back, the parties are seeking to continue some of the dates included in the Court's original Case Management Order of October 16, 2007 (Document 14) and subsequently modified by the Court's Stipulation and Order Continuing Trial Date and Pre-Trial Dates of March 7, 2008 (Document 22).

11. The parties have only once previously continued the dates included in the Court's original Case Management Order of October 16, 2007 (Document 14), which included the trial and pre-trial dates. This present request will not affect the current trial and pre-trial dates in this matter. It should also be noted that it is unlikely that any party will be filing any dispositive motions in this matter due to the likely factual discrepancies.

12. Good cause is present to extend the currently set deadlines as follows:

| **Deadline Description** | **Current Date** | **Proposed Modified Date** |
|---|---|---|
| Close of Non-Expert Discovery | 9-12-08 | 12-19-08 |
| Expert Disclosure | 10-3-08 | 1-7-08 |
| Rebuttal Expert Disclosure | 10-17-08 | 1-21-08 |
| Close of Expert Discovery | 12-5-08 | 2-26-09 |
| Last Day to Hear Dispositive Motions | 2-26-09 | 4-16-09 |
| Pretrial Conference | 5-7-09 | No change. |
| Final Pretrial Conference | 6-4-09 | No change. |
| Trial Date | 6-8-09 | No change. |

<mark>Case 3:07-cv-03544-MEJ    Document 28    Filed 09/04/2008    Page 4 of 6</mark>

13. In addition to the proposed schedule above, the parties seek Court assistance in a protocol whereby the parties can informally obtain relief and/or remedies should any of the remaining 11 witnesses fail to appear for their depositions again.

14. In that vein, the parties agree that should those witnesses fail to appear once again for deposition, the parties should jointly e-file a letter brief stating the relevant facts and circumstances as well as any request for relief from the Court with a proposed order. Such relief may take the form of monetary sanctions against the witness, exclusion of the witness from testifying at trial, issuance of a bench warrant by the Court to command their appearance for deposition, or any other such order as the Court deems proper. If the parties disagree as to the relief, the parties can set forth such disagreement in the letter to the Court and the Court can issue an order per the showing of the parties.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: September 3, 2008           LAW OFFICES OF JOHN L. BURRIS

By: _____
John L. Burris, Esq. / Ben Nisenbaum, Esq.,
Attorneys for Plaintiffs

Dated: September 3, 2008           MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
CITY OF SAN PABLO; JOSEPH AITA; FRANK PERINO; MARK GALIOS

STIPULATION AND ORDER CONTINUING CASE MANAGEMENT ORDER DEADLINES WITH WITNESS DEPOSITION PROTOCOL – C07-3544 MEJ        4

# ORDER

The parties have demonstrated good cause to modify the Court's original Case Management Order of October 16, 2007 (Document 14), subsequently modified by the Court's Stipulation and Order Continuing Trial Date and Pre-Trial Dates of March 7, 2008 (Document 22), as follows:

| **Deadline Description** | **New Dates** |
|---|---|
| Close of Non-Expert Discovery | 12-19-08 |
| Expert Disclosure | 1-7-08 |
| Rebuttal Expert Disclosure | 1-21-08 |
| Close of Expert Discovery | 2-26-09 |
| Last Day to Hear Dispositive Motions | 4-16-09 |
| Pretrial Conference | 5-7-09 (No change). |
| Final Pretrial Conference | 6-4-09 (No change). |
| Trial Date | 6-8-09 (No change). |

In addition to the new schedule above, the following protocol is hereby ordered should any of the remaining 10 witnesses fail to appear for their depositions again. If that should occur, the parties should jointly e-file a letter brief stating the relevant facts and circumstances of such non-appearance, as well as any proposed request for relief from the Court with a proposed order. Such relief may take the form of seeking monetary sanctions against the witness, exclusion of the witness from testifying at trial, issuance of a bench warrant by the Court to command the witness' appearance for deposition in the face of contempt charges, or any other such order as the Court deems proper. Any such letter shall be no more than five pages.

///

If the parties disagree as to the relief, the parties can set forth such disagreement in the letter to the Court. This order includes Ms. Josephine Fowler and any subsequently served witnesses.

**IT IS SO ORDERED.**

Dated: September 4, 2008

By: _____
Honorable Maria Elena James
United States District Court Magistrate Judge