IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES STRINGER, individually, and as personal representative of the Estate of decedent MELVIN HARDNETT; M.H., a minor, by and through her Guardian Ad Litem, Bonita Frazier; N.H., a minor, by and through her Guardian Ad Litem, Latonya Gray; and ME. H., a minor, by and through her Guardian Ad Litem, DOLORES STRINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN PABLO, a municipal corporation; JOSEPH AITA, in his capacity as Chief of Police for the CITY OF SAN PABLO; FRANK PERINO, individually, and in his capacity as police officer for the CITY OF SAN PABLO; MARK GALIOS, individually and in his capacity as a police officer for the CITY OF SAN PABLO; and, San Pablo police officers DOES 1-25, inclusive,<br><br>Defendants. | No. C 07-3544 CW (MEJ)<br><br>**ORDER AFTER *IN CAMERA* REVIEW DENYING DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS** |

**INTRODUCTION**

Before the Court is the parties' joint discovery dispute letter, dated December 19, 2008, relating to Defendants' request for discovery relief in defending against a civil rights action brought under 42 U.S.C. § 1983. Defendants seek an order compelling production of Ralph Hernandez's

1  ("Hernandez") 26 year old personnel files from the City of Pittsburg.  Plaintiffs retained former
2  police officer Hernandez as a private investigator.  Plaintiffs object on grounds of relevancy and
3  privilege.
4       Upon careful review of the parties' papers, case law, statutory authority, oral arguments, and
5  *in camera* review, the Court hereby DENIES Defendants' request for production, for the reasons set
6  forth below.

## BACKGROUND

8       On, December 19, 2008, the parties submitted a joint discovery dispute letter.  The parties
9  presented oral argument on February, 5, 2009.  Upon hearing oral arguments the Court found
10 Hernandez's personnel files regarding his character for truthfulness may be discoverable and ordered
11 an *in camera* review.  Accordingly, City of Pittsburg submitted Hernandez's personnel files on
12 February, 6, 2009.  Upon an *in camera* review, the Court finds no document in Hernandez's
13 personnel files are discoverable.

## DISCUSSION

15      Defendants argue these records may lead to discovery of not only relevant, but essential
16 evidence for the defense.  Defendants further argue the records are relevant to impeach Hernandez if
17 he is a witness at trial and argue he tainted percipient witnesses.  Defendants contend that Hernandez
18 may be a potential witness because he interviewed witnesses and prepared reconstructive video of
19 the incident for Plaintiffs.  Defendants argue that any of Hernandez's personnel files pertaining to
20 truthfulness or excessive force may be admissible at trial.
21      In response, Plaintiffs argue that Hernandez's actions are not at issue or relevant to this case.
22 Moreover, Plaintiffs claim Hernandez is not a party to this lawsuit, and has not been identified as a
23 witness, percipient or otherwise.  Plaintiffs further argue that Hernandez's police records are
24 privileged and protected by privacy rights.
25      Under Federal Rule of Civil Procedure ("FRCP") 26, "[p]arties may obtain discovery
26 regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R.
27 Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, the scope of discovery under the Federal Rules is extremely broad. *Soto v. Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Thus, "the question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information has no conceivable bearing on the case." *Soto*, 162 F.R.D. at 610.

Defendants argue Hernandez's personnel files may be relevant to show bias and as a result, he tainted percipient witnesses. Defendants also argue Hernandez's personnel files are admissible because extrinsic evidence may be used to show bias. Defendants argue Hernandez may be bias in this excessive force action against the City of San Pablo police officers because he was a former police officer for the City of Pittsburg. However, Hernandez is not a party or an officer in this action. The City of Pittsburg is a also a third party. Thus, the Court finds Defendants' argument that Hernandez's 26 year old personnel files may be used to show bias is too attenuated.

The only arguable relevance to the instant case would be to use Hernandez's personnel files to attack his character for truthfulness. Under Federal Rule of Evidence ("FRE") 608(b), a specific act of misconduct, offered to attack the witness' character for truthfulness, can be elicited only on cross-examination of the witness. Fed.R.Evid. 608(b). This rule, however, requires Hernandez to first be called as a witness and testify at trial. Plaintiffs have not designated Hernandez as a witness. However, at oral argument, Defendants indicated the possibility that Hernandez will be a witness.

Even if Hernandez is called as a witness, Defendants cannot use his personnel files to attack his truthful character since these files are extrinsic evidence. Extrinsic evidence cannot be used to prove specific acts of conduct when attacking a witness' character for truthfulness. *Id.* At most, Defendants can only inquire about specific acts of conduct on cross-examination, but cannot offer Hernandez's personnel files into evidence to discredit his testimony.

Moreover, even an inquiry on cross-examination is subject to the court's discretion and overriding provisions of FRE 403. Fed.R.Evid. 403. The court may limit such cross-examination if

3

its probative value is substantially outweighed by the dangers of unfair prejudice. *Id*. Here, the remoteness of Hernandez's 26 year old personnel files makes FRE 403 a substantial hurdle for Defendants to overcome.

Furthermore, Defendants' inquiry into Hernandez's personnel files pertaining to excessive force is irrelevant. In this case, the excessive force action is against the San Pablo police officers. Since Hernandez is a third party and his personnel files are unrelated to the instant case, on balance, Hernandez's right of privacy outweighs its probative value.

Thus, after an *in camera* review, the Court finds no information in Hernandez's 26 year old personnel files are discoverable. Accordingly, the City of Pittsburg need not produce Hernandez's personnel files.

**IT IS SO ORDERED.**

Dated: February 6, 2009

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4